*GABAROCHE* vs. *HEBERT* & *AL.*

The answer of the plaintiff to interrogatories may be taken under a commission to examine witnesses.

An answer to interrogatories must be categorical, but it is immaterial in what language the answer is made.

An indorsement in blank does not prevent the indorsee from suing on it and recovering.

APPEAL from the court of the fourth district, the judge of said district presiding.

PORTER, J. delivered the opinion of the court. This action is brought against the maker and indorser of a promissory note. The petition states that the defendants are indebted to him, by one of them making his note in favor of the other who indorsed it: that the said note was duly protested for non-payment, of which the indorser had notice, which facts will more fully appear by the note and protest annexed as part of the petition.

The answer admits the execution and indorsement of the note as alleged; but avers that the maker was indebted to one Tate in the

sum of $1300 or thereabouts, and for the pur-
pose of paying the same, an obligation was
made in favor of the indorser for $1800 with
a view to have it negotiated. The balance
between the sum due and the amount of the
note to be returned to the payor. That some
time after the execution of this instrument the
present plaintiff presented himself as the hold-
er and proprietor of it. That the maker ex-
plained to him the circumstances under which
it had been given, and refused payment unless
credit for the excess was allowed. That the
plaintiff promised to make inquiry in relation
to the demand of the defendant, and if found
true that credit should be given. Upon which
the maker, relying on the honesty and good
faith of the plaintiff, made several payments,
and gave the note on which this suit is brought
for the balance, under the stipulation however
that the difference between the sum originally
due by Tate and the first note for $1800 should
be deducted from it.

The answer avers further, that the plaintiff
cashed the note for $1800, at a discount great-
er than the legal interest, and demands credit
for the excess.

GABAROCHE
*vs.*
HEBERT & Al

With these admissions, there is a general denial of all the allegations in the petition, and the answer concludes by averring that on the plaintiff's own shewing he is not entitled to judgment.

Annexed to the defence were the following interrogatories, the materiality of which were sworn to, and their answers ordered by the court.

1. Are not the facts stated in this answer true, as far as they come within your knowledge?

2. Say which of them are not true that are within your own knowledge?

3. State which of them are not within your own knowledge?

4. Do you know, and if you do, say at what discount the note of $1800 was discounted?

To the answers filed to these interrogatories the defendant excepted.

1. Because the commission to take said answer did not issue in the proper form, and should not have been a general commission to examine all witnesses.

2. Because the answers to the first and fourth interrogatories are insufficient and evasive.

**I.** The first objection cannot be supported. We can discover nothing in the form in which the commission issued, that renders the testi- mony taken under it illegal. A commission to examine *all* witnesses, will authorize the examination of *one,* for in that light must the plaintiff be considered when the defendant calls for his testimony.

**II.** The answer to the first interrogatory appears to us to be full and explicit; but that given to the fourth requires a more particular examination.

The question asked is, "Do you know, and if you do, say, at what discount the note of $1800 was discounted?" The answer is, "I took the note of $1800 in payment of a debt as value to the amount specified in its face."

The judge of the first instance thought the answer evasive, but he refused to sustain the exceptions; because taking the interrogatory as confessed it afforded no matter of defence of which the defendant could avail himself. The reasons for the opinion are spread at length on the record. That on which the decision is principally based is the fact of the plaintiff having renewed the note. The judge thought

Eastern Dist.
*March*, 1829.

GABAROCHE
*vs.*
HEBERT & AL
that by doing so the validity of the first note was acknowledged. That the defence of usury should have been made to it: that the plaintiff by the acquiescence of the defendant had lost his recourse against the endorser, and that it was now too late to urge this objection.

We have come to the same conclusion with the judge *a quo*, but for a different reason. We do not think the answer evasive. The plaintiff is interrogated if the note was discounted, and at what rate? He answers that he took it in payment of a debt for the value specified on its face. This certainly is as complete a negative as could be given to the interrogatory; for if he took it in payment, for the value expressed, then it was not discounted. Reliance has been placed on that article of the code of practice, which requires a categorical answer to interrogatories. Whenever the question put, can be affirmed, or denied, the answer must furnish an affirmance, or denial. But the law requires no particular language in which that affirmation, or denial, should be couched. It is sufficient if either one or other clearly and necessarily results from the answer made. That there was necessarily a ne-

gative here, we have no doubt. If a party were interrogated, whether he was or was not in New-Orleans, on a particular day, it surely would be equivalent to a direct denial if he should reply, that on the day stated he was in Philadelphia.

It has been objected, that it is not stated in the petition that demand was made at the place where the note was made payable, and that such an averment and p roof to support it, were necessary to enable the plaintiff to recover. If the petition was defective in this point, and the proof failed to establish the fact, the objection would be a good one; but on examining the pleadings we find that the protest of the notary is made a part of the petition, and that the protest was given in evidence.

In the instrument *making a part of the petition*, there is an express averment, that demand was made at the place where the note was payable. There is therefore no ground for the objection that there is no such demand set out *in the petition*.

Another objection has been taken, that the plaintiff's endorsement is on the back of the note; but that endorsement is in blank, and it

Eastern Dist
*March* 1829.

GABAROCHE
*vs.*
HEBERT & Al

has been decided in this court that such endorsement is not a bar to the holder's suing and recovering on it. *Sprigg* vs. *Cuney's heirs, ante* 253.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed with costs.

*Hiriart* for plaintiff—*Pierce* for defendants.